No. 302

OHIO STOCK FOOD CO. v. GINTLING
Ohio Appeals, 9th Dist., Summit Co.
No. 1122. Decided April 5, 1927

**313. CORPORATIONS**—A private corporation, organized for profit, which operates a hog farm in such a manner as to pollute the air and a living stream of water, to the injury of an adjacent proprietor, is liable in damages to such proprietor, notwithstanding said corporation has a contract with a municipality to receive its garbage and disposes of the same upon its said farm.

**855. NUISANCE**—Proof of negligence in the operation of a hog farm is not necessary to establish a cause of action for a nuisance caused thereby.

**355. DAMAGES**—The owner of a homestead is entitled to damages for annoyances and inconveniences suffered by him which have been occasioned by a nuisance, although he shows no damage to the dwelling house or improvements upon said property.

**225. CHARGE TO JURY**—When there is a conflict between special requests before argument and the general charge, such conflict must be prejudicial to the complaining party in order to entitle him to a new trial.

First Publication of this Opinion

PARDEE, P. J.

Kate Gintling brought an action in the Summit Common Pleas alleging that she was the owner of a farm through which ran a living stream, that above her for four years last past the Ohio Stock Food Company operated a hog farm and dumped refuse into the stream which polluted it and caused noxious and unhealthful odors, all to her damage.

The company denied Gintling's allegations and a trial resulted in a verdict for Gintling and error is prosecuted here, four errors being complained of to wit. (1) That she did not state a cause of action, (2) that the court should have directed a verdict, (3) that the verdict was contrary to the weight of the evidence, (4) that the court erred in its charge.

The Court of Appeals held:

1. It is an elementary principle of law that an upper proprietor of land abutting upon a natural stream of water cannot by artificial means pollute said stream to the injury of a lower riparian owner, without being liable in damages therefor, and it does not make any difference whether the pollution is made directly by the state or a subordinate municipal body or by a private corporation under a contract made with such municipality.

2. Riparian rights are property within the purview of Sec. 19 of the bill of rights, of which the owner cannot be deprived without just compensation, though taken for, or subjected to a public use. Any actual and material interference with such rights, which causes special and substantial injury to the owner, is a taking of his property. Mansfield v. Balliett, 65 OS. 451.

3. We are therefore satisfied that Gintling does allege a complete cause of action against the Company, which if established by a preponderance of competent evidence, entitled her to a verdict and judgment against the Company.

4. Upon the second ground of error, "the courts of this state, in a proper case, have the power to take the evidence given by the plaintiff from the jury, and order a peremptory nonsuit. Such a motion involves an admission of all the facts which the evidence in any degree tends to prove, and presents only a question of law, whether each fact, indispensible to the right of action, and put in issue by the pleadings, has been supported by some evidence. If it has, the motion must be denied; as no finding of facts by the court, or weighing of the evidence is permitted." Ellis & Morton v. Ohio Life Ins. Co. 4 Abs. 628.

5. As Gintling introduced evidence to support all the allegations of her petition, if the court had directed a verdict for the Company, it would have usurped the functions of the jury and committed an error prejudicial to Gintling.

6. As to the third ground of error we think that there is sufficient evidence to support the finding of the jury. "A gas factory may constitute a nuisance as to a dwelling owing to noise and smoke, though no damage to the dwelling house or herbage on his land results nor to the rental or saleable value of the property." 106 Pac. 531.

7. The court gave, before argument, Gintling's requests as follows in part: "If you find from the evidence that the defendant at the time or times mentioned in this petition, has, by the operation of its hog farm - - - occasioned noxious - - - smells - - - the operation of its farm in that manner is negligent and unlawful, and entitles plaintiff to a verdict. It is the duty of the defendant to so operate its business as not to corrupt or render unwholesome or impure, a water course, and if this was done, they were guilty of negligence, etc."

8. The court also gave the Company's request: "the disposal of garbage from a municipality by the operation of a hog farm or pig-

gery is a lawful business and not a nuisance per se."

9. The Company claims that its acts in the operation of its farm were authorized by law, inasmuch as it had a contract with the City of Akron to dispose of its garbage.

10. This fact was not specifically pleaded but the parties agreed to the stipulation supra in the bill of exceptions; neither did the company state that their farm was run in a skillful manner.

11. Both requests, having the above facts (7) in mind, seem to be in harmony and Gintling is entitled to recover because one does not have to prove negligence in cases of this kind.

Judgment affirmed.

(Washburn & Funk, JJ., concur.)

Attorneys—W. J. Laub; H. M. Hagelbarger, Dir. of Law, W. A. Keely, Asst. Dir. of Law, for Company; Grant, Thomas & Buckingham for Gintling; all of Akron.